JANICE H. DEVORE and EVA IDA FRANKENSTEIN, Respondents, v. CARROL BLAKE, as Brooklyn Borough Superintendent of Buildings, City of New York, and THE CITY OF NEW YORK, Appellants.— Resettled judgment, declaring certain zoning ordinances invalid as to respondents' land and directing the issuance of a building permit for the erection and maintenance of a gasoline service station,

etc., in so far as appealed from, reversed on the law and the facts, without costs, and the complaint dismissed on the law, without costs. Although the plaintiffs' land is situated within two blocks of and within the same use zone as the land which constituted the subject-matter of the case of *Arverne Bay Construction Co.* v. *Thatcher* (278 N. Y. 222), the evidence here shows that substantial changes for the betterment of the general vicinity have taken place since the times referred to in the evidence in that case. There the opinion, per Lehman, J. (p. 233), shows that the effect of the decision was limited to the facts in that case. We are of the opinion that the decision does not control the facts herein. Informal findings are adopted by this court as follows, and findings inconsistent therewith are reversed: (1) Since the inception of the residential zone under the ordinances, there has been no substantial residential building activity. (2) The existing non-conforming uses continue in about the same condition and extent. (3) The garbage incinerator has been demolished, and the newly-erected garage is sufficiently distant from plaintiffs' land to be no appreciable detriment to conforming uses. (4) The sewage disposal plant is sufficiently distant to be no detriment. (5) The land-fill operations are resulting in clean land, suitable for high-class building developments. (6) There are no offensive odors at plaintiffs' land which prevent a conforming use. (7) A public school has been erected about 300 feet from plaintiffs' land. (8) A high-class parkway has been opened about a mile from plaintiffs' land. (9) The zoning regulations are part of a definite plan for general municipal improvement. (10) The plaintiffs have not met the burden of establishing that a non-conforming use is the only available use for their land. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., not voting.